UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAMONA MOANA RAE,

    Plaintiff,

v.                                                Case No: 6:14-cv-639-Orl-40TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

    Pending before the Court is Plaintiff's Petition for Attorney's Fees (Doc. 23). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff's attorney requests an award of $5,667.23 in fees. The Commissioner does not oppose the motion.

    Counsel seeks compensation at the rate of $190.77 for 28 hours of attorney time expended on the case in 2014, and compensation at the rate of $191.58 for 1.7 hours of attorney time in 2015 (Id., ¶ 8). Counsel has attached a copy of his time records supporting his request to the petition (Doc. 23-1). Upon review, I find the hourly rates and hours claimed to be reasonable.

    Plaintiff brought this action for judicial review of the Commissioner's final decision denying his claim for Social Security benefits (Doc. 1). On July 21, 2015, the Court entered its Order reversing the Commissioner's decision and remanding the case for further proceedings (Doc. 21). Judgment for Plaintiff was entered the same day (Doc. 22).

    Plaintiff filed his petition for attorneys' fees on August 19, 2015 (Doc. 23). The

petition alleges that Plaintiff is the prevailing party, the Commissioner's position in the underlying action was not substantially justified, and Plaintiff's net worth was less than $2 million when the case was filed[1] (Doc. 47).

The Order reversing the administrative law judge's decision constituted a final order for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 296 (1993). "In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable ..." Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G)).

Plaintiff has assigned his right, title, and interest in any attorney's fees awarded pursuant to the EAJA to his attorney (Doc. 23-3). In Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the Supreme Court held that an award of EAJA fees belongs to the plaintiff, not the plaintiff's attorney, and is therefore, subject to offset to satisfy any pre-existing debt owed by the plaintiff to the government. The Ratliff court implicitly approved the Commissioner's practice of issuing payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to such fees to the attorney. Id. at 2529.

Based upon this record it is respectfully recommended that:

(1) The Court **GRANT** the petition;

(2) **AWARD** Plaintiff $5,667.23 in EAJA attorney's fees;

(3) **DIRECT** that the payment be made payable to Plaintiff and delivered to

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

Plaintiff's counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 20, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record